Scott E. Ortiz, Wyo. Bar #5-2550
David E. Shields, Wyo. Bar #7-4718
Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming  82602
Telephone: (307) 265-0700
Facsimile:  (307) 266-2306
Email:   sortiz@wpdn.net
            dshields@wpdn.net

Attorneys for Defendants C.R. England, Inc.
and Virgil H. Sunday

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| DANA EDMAN-BONDS, Individually and as Personal Representative of the Estate of PAYTON JEAN EDMAN<br><br>Plaintiffs<br><br>v.<br><br>MEMORIAL HOSPITAL OF CARBON COUNTY FOUNDATION, C.R. ENGLAND, INC., and VIRGIL HUNTER SUNDAY<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 20-CV-00220-SWS |

**DEFENDANTS C.R. ENGLAND AND VIRGIL H. SUNDAY'S MOTION TO DEEM PLAINTIFF'S FAILURE TO RESPOND TO ITS MOTION TO DISSMISS AND FOR PARTIAL JUDGMENT ON THE PLEADINGS AS A CONFESSION**

COMES NOW Defendants C.R. England and Virgil H. Sunday (hereinafter "Defendants"), by and through their undersigned attorneys, Scott E. Ortiz and David E. Shields of WILLIAMS, PORTER, DAY & NEVILLE, P.C., and hereby move the Court for an order deeming Plaintiff's failure to timely respond to their *Motion to Dismiss and for Partial Judgment on the Pleadings* as being confessed pursuant to U.S.D.C.L.R. 7.1(b)(2)(A). In support of their *Motion*, Defendants state as follows:

## I.       BACKGROUND

After filing their *Answer and Affirmative Defenses* where C.R. England admitted it is vicariously liable for the negligence of its employee, Virgil H. Sunday, if any, Defendants filed their *Motion to Dismiss and for Partial Judgment on the Pleadings* on January 4, 2020. *See generally Defendants' Motion to Dismiss and for Partial Judgment on the Pleadings* [CM/ECF Doc. No. 42]. The thrust of that *Motion* is that Plaintiff's direct negligence claims against C.R. England are needlessly duplicative based on the admission of vicarious liability, and that without witnessing the fatal collision (or even being at the scene) Plaintiff's claim for the negligent infliction of emotional distress lacks a sufficient factual basis that could allow her to recover. *Id.* Despite the FEDERAL RULES CIVIL PROCEDURE allowing a non-moving party fourteen (14) days to respond, Plaintiff has not filed any response to Defendants' *Motion*. While the prevailing authority favors Defendants' position on the merits, Plaintiff's failure to timely respond to the *Motion* provides the Court with additional grounds to dismiss Plaintiff's direct negligence claims against C.R. England, and the claims for negligent infliction of emotional distress against both Defendants.

## II.       LEGAL ARGUMENT

As explained above, Defendants filed their *Motion to Dismiss and for Partial Judgment on the Pleadings* on January 4, 2021. The local rules provide: "Each party opposing [a dispositive motion] shall have fourteen (14) days from the filing of the motion to file a written brief containing a short, concise statement of the argument and authorities in opposition to the motion." U.S.D.C.L.R. 7.1(b)(2)(A). Consequently, Plaintiff's brief in response to Defendants' *Motion* was due on January 19, 2020. Plaintiff did not request an extension of time to file a response to the *Motion*. Nearly a week after the deadline expired for filing a response, Plaintiff

has done nothing. She is silent with respect to Defendants' *Motion*, and there is no reasonable explanation or justification for missing the deadline.

The Court should treat this deafening silence as Plaintiff's confession of the arguments raised in Defendants' *Motion to Dismiss and for Partial Judgment on the Pleadings*. Indeed, a plaintiff's failure to present cogent argument or citation of pertinent legal authority to refute the well-supported arguments of C.R. England and Mr. Sunday may sensibly be deemed a confession of the arguments. *See, e.g.*, U.S.D.C.L.R. 7.1(b)(2)(A) ("The Court may, in its discretion, consider the failure of a responding party to file a response . . . as a confession of the motion); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The Court maintains the discretion to deem a motion confessed by the non-responding party."); *Breen v. Black*, 2016 WL 4257436 (D. Wyo. Mar. 7, 2016). The reason for this rule is, in part, because the Court should not be called upon to do its own work and that of a party. Plaintiff should be held responsible for not responding to Defendants' arguments and the legal authority offered in support thereof.

The Court is not alone in requiring parties to support their positions for or against a particular point of law. Indeed, unless a party presents cogent argument and pertinent legal authority to refute a well-supported position by his/her opponent, the contrary need not even be considered. In a variety of different contexts, a large number of courts have recognized the general principle that a party who fails to address an issue has conceded the issue.[1]

---

[1] *See e.g.*, *U.S. Real Property Identified as: Parcel 03179-005R*, 287 F.Supp.2d 45, 61 (D.D.C. 2003) (ruling that, where claimants failed to develop a response on the innocent owner issue in its brief, "Court will treat this argument as conceded") (internal citations and quotation marks omitted); *United States v. Roberts*, 2010 WL 234719 at *19 (E.D. Tenn. Jan. 14, 2010) ("The Court initially addresses the defendant's contention that the government has essentially conceded this issue by failing to address it in its response. . . . The government did file a five-page response . . ., but it did not address the third of the defendant's four contentions. . . The Court knows of no way to interpret this course of conduct other than a waiver of the issue"); *Kissi v. Panzer*, 664 F.Supp.2d 120, 123 (D.D.C. 2009) ("Because the

Here, Plaintiff failed to respond to Defendants' *Motion* seeking dismissal of the direct negligence claims against C.R. England and the claims for negligent infliction of emotional distress under the plausibility standard of Rules 12(b)(6) and 12(c) of the FEDERAL RULES OF CIVIL PROCEDURE. Therefore, Defendants' arguments should be treated by the Court as having been confessed and conceded by Plaintiff. By confessing and conceding each of the arguments made by Defendants, Plaintiff cannot establish that her claims direct negligence or the negligent infliction of emotional distress have plausible viability. She simply cannot recover.

This Court should enter an order dismissing Plaintiff's direct negligence claims for negligent entrustment, negligent hiring, training, and supervision. Those claims should be dismissed because not only do they fail to meet the 'plausibility standard' articulated under Rules 12(b)(6) and 12(c) of the FEDERAL RULES OF CIVIL PROCEDURE, but as explained above, Plaintiff has failed to respond within the time allotted under the local rules. There is no

---

plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion as conceded."); *American Registry of Radiologic Technologists v. Bennett*, 655 F.Supp.2d 944, 946 n.2 (D. Minn. 2009) ("It is well established that a party concedes an issue by failing to address it in an opposing brief."); *Hostway Corp. v. JP Morgan Chase Bank, N.A.*, 2009 WL 2601359 at *6 (N.D. Ill. Aug. 24, 2009) ("By failing to address JP Morgan's republication argument in its response brief, Hostway has at least tacitly conceded the point."); *Fletcher v. Chicago Rail Link, LLC*, 2007 WL 4557816 at *3 (N.D. Ill. Dec. 20, 2007) ("Fletcher failed to address this argument in his response and thus has effectively conceded the point."); *Ziino v. Baker*, 2007 WL 2433902 at *2 (M.D. Fla. Aug. 22, 2007) ("Indeed, the Plaintiff tacitly conceded the validity of the Defendant's argument . . . by failing to address this issue in response to the motion to dismiss."); *Rangel v. Reynolds*, 2007 WL 1189356 at *2 (N.D. Ind. Apr. 18, 2007) ("This Court notes that, in their response, the plaintiffs concede that the first two prongs of Younger [abstention doctrine] are met by failing to address them."); *Topliff v. Wal-Mart Stores East LP*, 2007 WL 911891 at *7 (N.D.N.Y. Mar. 22, 2007) ("Failure to oppose one of the legal arguments advanced by a movant on a motion to exclude expert testimony shall be deemed 'consent' to exclusion based on that legal argument."); *Pennsylvania v. United States*, 2006 WL 2708177 at *1 n. 2 (W.D. Pa. Sept. 19, 2006) ("Pennsylvania has failed to address this argument in its responsive brief and therefore appears to be conceding that the Court's jurisdiction here cannot be premised on either the Little Tucker Act or the Mandamus Act."); *Brand v. North Carolina Dep't of Crime Control and Pub. Safety*, 352 F.Supp.2d 606, 618 (M.D.N.C. 2004) ("In Plaintiff's brief in response to Defendants' motion for summary judgment, Plaintiff does not address . . . his hostile work environment claim. By failing to respond, Plaintiff concedes that he has not stated a hostile work environment claim."); *Hinsdale v. City of Liberal, Kan.*, 2001 WL 980781 at *16-17 (D. Kan. Aug. 28, 2001) (Mr. Hinsdale conceded his equal protection claim by failing to address it in his response to defendants' motion for summary judgment); *Hamilton v. Cunningham*, 880 F.Supp. 1407, 1412 (D. Colo. 1995) ("Cunningham apparently concedes Plaintiffs' limitations analyses . . . , having failed to address either in his brief."); *In re Paoli R.R. Yard PCB Litig.*, 1992 WL 323589 at *2 (E.D. Pa. Oct. 21, 1992) ("Plaintiffs' response to this motion completely fails to address Defendants' position with respect to [this issue] and is therefore deemed to admit and concede its correctness.").

reasonable explanation or justification for not responding by the deadline imposed under the rules, and continuing to remain silent. Consequently, Defendants C.R. England and Mr. Sunday respectfully request that this Court deem Plaintiff's failure to respond as a confession of the *Motion* under U.S.D.C.L.R. 7.1(b)(2)(A), and enter an order granting their *Motion to Dismiss and for Partial Judgment on the Pleadings*.

### III. CONCLUSION

This Court should enter an order dismissing Plaintiff's direct negligence claims for negligent infliction of emotional distress and direct negligence against C.R. England. Those claims should be dismissed because not only do they fail to meet the 'plausibility standard' articulated under Rules 12(b)(6) and 12(c) of the FEDERAL RULES OF CIVIL PROCEDURE, but as explained above, Plaintiff has failed to respond within the time allotted under the local rules. There is no reasonable explanation or justification for missing the deadline, and continuing to remain silent for three weeks since Defendants filed their *Motion.* Consequently, Defendant C.R. England and Mr. Sunday respectfully request that this Court deem Plaintiff's failure to respond as a confession of the *Motion* under U.S.D.C.L.R. 7.1(b)(2)(A), and enter an order granting their *Motion to Dismiss and for Partial Judgment on the Pleadings*.

Dated this 25th day of January, 2021.

                                                  C.R. ENGLAND, INC. and VIRGIL H. SUNDAY,

                                                  Defendants.

                                                  /S/ David E. Shields
                                                  Scott E. Ortiz, Wyo. Bar #5-2550
                                                  David E. Shields, Wyo. Bar #7-4718
                                                  Williams, Porter, Day & Neville, P.C.
                                                  P.O. Box 10700
                                                  159 North Wolcott, Suite 400
                                                  Casper, Wyoming  82602
                                                  Telephone: (307) 265-0700
                                                  Facsimile:  (307) 266-2306
                                                  Email: sortiz@wpdn.net
                                                               dshields@wpdn.net

                                                  Attorneys for Defendants C.R. England, Inc. and Virgil H. Sunday

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel this 25th day of January, 2021.

| | | |
|---|---|---|
| Caleb C. Wilkins<br>Patton & Davison, LLC.<br>1920 Thomes Avenue, Suite 600<br>Cheyenne, WY 82001 | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Thomas R. Peterman<br>Fischer Law Group, P.C.<br>125 South Howes Street, Suite 900<br>Fort Collins, CO 80521 | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |

                                        /s/   David E. Shields
                                            David E. Shields