

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 JAN 25  PM 5: 26

MARGARET BOTKINS, CLERK
CASPER

---

DANA EDMAN-BONDS,

      Plaintiff,

vs.

MEMORIAL HOSPITAL OF CARBON
COUNTY FOUNDATION et al,

      Defendant.

Case No.  20-CV-220-SWS

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendant CR England, Inc.'s and Virgil Hunter Sunday's ("Defendants") *Motion to Dismiss and for Partial Judgment on the Pleadings* filed on January 4, 2021. (ECF No. 42; *see also* ECF No. 43). Plaintiff Dana Edman-Bonds ("Edman-Bonds") has filed no responsive pleading. Accordingly, the Court finds Plaintiff has confessed Defendants' motion to dismiss pursuant to Local Rule U.S.D.C.L.R. 7.1(b) and the dismissal of both the negligent infliction of emotional distress and the direct negligence claims against Defendants. Additionally, this Court's independent review of the motion supports dismissal of these claims.

      This matter involves a tragic vehicle accident which resulted in the death of the plaintiff's daughter, Payton Bonds. (*See* ECF No. 1 at 2.) After the accident, which killed both Payton and her father, Dana Edman-Bonds brought suit individually and as a personal representative of her daughter's estate against Memorial Hospital of Carbon

County, CR England, Inc. (the trucking company), and Virgil Hunter Sunday, the driver of the truck involved in the accident. (*Id.*) The case was originally brought in Colorado but was transferred to the District of Wyoming after the parties filed a *Stipulated Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a)*. (See ECF Nos. 29-30.) Defendants filed the current motion on January 4, 2021. (*See* ECF No. 42.) Pursuant to U.S.D.C.L.R. 7.1(b)(2)(A), Edman-Bonds had fourteen (14) days from the filing of the motion to dismiss to oppose the motion with a written brief. Given the extra day due to the Martin Luther King, Jr. holiday on January 18, 2021, any response was required to have been filed on or before January 19, 2021. On January 25, 2021, Defendants filed a second motion to dismiss, arguing the Court should enter judgment in their favor not only because the claims fail under F.R.C.P. Rule 12(b), but also because Edman-Bonds failed to respond. (See ECF No. 43.) To date, Edman-Bonds has not filed any response or any request for an extension to file a response.

"The Court may, in its discretion, consider the failure of a responding party to file a response within the fourteen (14) day time limit, or such other time limit as the Court may direct, as a confession of the motion." U.S.D.C.L.R. 7.1(b)(2)(A); *see also Breen v. Black*, Civil No. 15-CV-168-NDF, 2016 WL 4257438, at *3 (D. Wyo. Jul. 22, 2016) ("The Court maintains the discretion to deem a motion confessed by the non-responding party.") (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). The Court finds good cause to treat Edman-Bonds' non-response in this case as a confession of the Defendants' motion to dismiss.

Even taking an independent review of the Defendants' motion, the Court finds sufficient legal authority to grant the motion under F.R.C.P. 12(b)(6). Defendants first ask

the Court to dismiss Edman-Bonds' negligent infliction of emotional distress claim. Edman-Bonds asserts in her Complaint, "Defendants' negligent conduct and actions did, in fact, cause Dana Edman-Bonds severe emotional distress, and as a direct and proximate result of Defendants' negligence, Dana Edman-Bonds as sole surviving parent, suffered damages . . . ." (ECF No. 1 at 8.) Edman-Bonds reference both the severe trauma and distress she experienced when she learned Payton had died, and the depressesion she has suffered as a result of the Defendants' actions and inactions. (*Id.*) Defendants claim the negligent infliction of emotional distress claim fails as a matter of law because Edman-Bonds was not at the scene of the accident when it occurred. (ECF No. 42 at 5-6.) Defendants state correctly, under Wyoming law, a plaintiff can only recover for negligent infliction of emotional distress if she observes the actual infliction of the bodily harm or death, or if she observes the serious bodily harm or death shortly after its occurrence, "but without material change in the condition and location of the victim." *Roitz v. Kidman*, 913 P.2d 431, 433 (Wyo. 1996).   Similarly, the immediacy test adopted by the Wyoming Supreme Court notes:

> Our immediacy test allows some time to elapse between the time of injury and the time of observation. Once the victim's condition or location has materially changed, however, the moment of crisis for which recovery is allowed is deemed to have passed, regardless of the brevity of time which has elapsed since the accident. Shock or emotional distress may occur after this point, but it is no longer compensable.

*Id.* (quoting *Contreras By and Through Contreras v. Carbon County School District #1*, 843 P.2d 589, 593 (Wyo. 1992)). Here, Edman-Bonds complaint makes no assertion that she was at the scene of the accident, or that she observed the harm or death to her daughter shortly after the accident to satisfy *Roitz* and *Contreras*. The Complaint alleges those who

appeared on scene were limited to emergency personnel. Edman-Bonds plainly fails to meet the immediacy test,  Thus, the Court finds a sufficient basis to dismiss the negligent infliction of emotional distress claim against Defendants.

Defendants also ask the Court to dismiss all direct negligence claims against CR England, Inc. since those claims are redundant in light of *respondeat superior*. Defendants state, since CR England, Inc. admitted Sunday was an employee of CR England, Inc. and acting within the course and scope of his employment at the time of the accident, CR England, Inc. is already legally responsible for damages caused by Sunday's negligence, if any. (ECF No. 42 at 7; *see also* ECF No. 34 at ¶ 12, 13, 45.) Since any direct negligence theories against CR England, Inc. are derivative of the employee's negligence, Defendants assert those claims are redundant. The Court agrees. The majority view is that once an employer has admitted vicarious liability for negligence under *respondeat superior*, "the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed." *State ex. Rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). The reasoning for this rule is to avoid superfluous claims of direct negligence against employers who have already admitted liability under a theory of *respondeat superior*. Wyoming adopted this majority view, otherwise known as the *McHaffie* rule, in *Bogdanski v. Buzik*, holding "it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability" once the employer admits *respondeat superior*. 2018 WY 7, ¶ 20, 408 P.3d 1156, 1162 (Wyo. 2018). Like this case, *Bogdanski* involved a vehicle collision with a commercial truck. *See id.* at ¶ 3, 408 P.3d at 1157. Here, Defendant CR England, Inc. has admitted it is vicariously liable for any negligence of Sunday under a theory of *respondeat superior*. (*See*

ECF No. 34 at ¶ 12, 13, 45.) Therefore, any direct negligence claims against CR England, Inc. would be superfluous, as the *Bogdanski* court stated, "[a]ll roads lead to Rome in a case such as this." *Bogdanski* at ¶ 22, 408 P.3d at 1162. Under Wyoming law the Court finds Plaintiff's Complaint fails to state a claim as to all direct negligence claims asserted against CR England, Inc. (*See* ECF No. 1 at ¶ 44-47).

CONCLUSION

In accordance with the foregoing discussion Defendants' CR England, Inc. and Virgil Hunter Sunday are entitled to dismissal of Plaintiff's negligent infliction of emotional distress claim, and Defendant CR England, Inc. is entitled to dismissal of the direct negligence claims. Therefore, it is hereby

ORDERED that Defendants' *Motion to Dismiss and For Partial Judgment on the Pleadings* (ECF No. 42) shall be GRANTED.  It is further

ORDERED that Defendants' Second Motion to Dismiss (ECF No. 43) is deemed MOOT.

Dated this 25ʰ day of January, 2021.

Scott W. Skavdahl
United States District Judge